UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Sean Alonzo Harris,

    Plaintiff,

v.

JCDecaux North America, Inc.

    Defendant.

Civil Action No. _____

## COMPLAINT

Plaintiff Sean Alonzo Harris ("Harris") brings this Complaint for Copyright Infringement, against Defendant JCDecaux North America, Inc. ("Defendant"), and allege:

### NATURE OF THE ACTION

1. This is an action for Copyright Infringement, including copyright infringement of copyright registration No.VA 2-410-759, ("Copyrighted Work") pursuant to 17 U.S.C. §§ 411, 501, and 502 for the pattern of conduct that continues at least through the present.

### PARTIES

2. Harris is an individual who resides at 492 Saint John Street, Portland, Maine 04102.

3. Defendant is a corporation organized under the laws of Delaware, with its principal place of business at Empire State Building, 350 Fifth Avenue, 73rd Floor New York, NY 10118.

4. Defendant is also registered as a foreign corporation in the Commonwealth of Massachusetts and has a registered agent located at 155 Federal Street, Suite 700, Boston, MA 02110.

## JURISDICTION AND VENUE

5. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 100, *et seq*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(a).

6. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery, this Court has personal jurisdiction over Defendant.

7. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant regularly does business in Massachusetts and has engaged in a persistent course of conduct within Massachusetts by continuously and systematically providing a service, namely, advertising and marketing services in Massachusetts such as providing services to businesses and governments. On information and belief, Defendant has a regular and established place of business in Massachusetts and is registered as a foreign corporation.

8. Furthermore, Defendant advertises itself as "a leading advertising force in the city of Boston with a high volume of inventory distributed throughout the city."

9. This Court has personal jurisdiction over Defendant because, for example, Defendant continued, and will continue, to offer its services within Massachusetts.

10. In the alternative, this Court may exercise personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because Harris's claims arise under Federal law, and Defendant have sufficient contacts with the district, including but not limited to marketing and/or selling its services that are provided in Massachusetts, such that this Court's exercise of jurisdiction would satisfy due process.

- 3 -

## BACKGROUND

### A.     Background of the Copyrighted Work

11.     Harris is a well-known photographer.  Harris is the photographer who was hired for a photo session for Boston civil rights leader and former mayoral candidate, Mel King by Boston Magazine.  That photo session yielded what has become an iconic photograph of Mel King looking into the camera with his left hand positioned under his chin (shown below).



12.     Harris had signed a contract with Boston Magazine.  The contract provides that Boston Magazine had the right to use the photograph a single time in its magazine.  No other rights were granted to Boston Magazine.

13.     Unfortunately for Harris, entities took liberties with his artistic expression and have used this photograph without his knowledge.  Many of these acts began shortly after the photograph was published by Boston Magazine and continue to this day.

### B.     Defendant's Actions

14. One such entity was Defendant. Defendant participated in advertising campaigns with the City of Boston. Those advertising campaigns included the use of Harris's iconic Copyrighted Work.

15. Indeed, Defendant used the Copyrighted Work across a range of advertising endeavors to advance the City of Boston's image (Exhibit G).

16. Upon information and belief, Defendant used the Copyrighted Work without inquiring into the ownership of the work and did not obtain permission from Harris.

17. Since Defendant used the Copyrighted Work, that work has been used improperly by multiple entities and politicians.

18. For instance, Boston Public Schools uses the Copyrighted Work in public relations campaigns (Exhibits A and B).

19. Furthermore, Boston City Hall used the image in public relations campaigns (Exhibit C).

20. The Boston Arts Center used the Copyrighted Work in a campaign for public schools (Exhibit D).

21. Politicians continue to use the Copyrighted Work for political campaigns (Exhibit E and F).

22. The Copyrighted Work was also used by the City of Boston in a derivative work that adorns the outside of a school (Exhibit B).

23. Upon information and belief, Defendant's actions permitted the Copyrighted Work to be spread between politicians and uploaded onto social media.

24. Now, few even recognize that the iconic photograph, which captured the strength and dignity of Mr. King, was taken by Harris.

25. Harris is the artist whose artistic expression – his artistic voice – gave life to the Work. It was that very artistic voice that was appropriated by Defendant to serve Defendant's commercial needs.

26. Upon information and belief, Defendant's actions led to the infringement of other entities such MIT. .

27. Upon information and belief, Defendant's actions also led to a local news station – WGBH – using Sean's work to advertise the station.

28. Upon information and belief, WGBH's unauthorized use stems – directly or indirectly – from the actions of Defendant.

29. Defendant took the Copyrighted Work and provided it without authorization into the public view.

30. That distribution harmed, and continues to harm, Harris.

31. Defendant, however, should have known that the Copyrighted Work was owned by another, even if it didn't know that Harris owned the Copyrighted Work.  Defendant is a sophisticated corporation and it understands the value of copyrighted works.

32. Defendant should have sought permission from Harris.

33. Had Defendant inquired about the Copyrighted Work that it uses to present its business interests, Defendant would have determined that the Copyrighted Work was Harris' intellectual property.  Any inquiry would have led to requesting permission from Harris or confirming that any entity providing the Copyrighted Work to Defendant had a license from Harris to do so.

34. Upon information and belief, Defendant clearly didn't make reasonable inquires and just took the rights unto itself.

**C.    Defendant Was Informed Of The Infringement**

35. In October 2024, Defendant was informed by Harris that it was infringing on Defendant's Copyrighted Work.

36. Harris demanded that Defendant cease and desist from infringing on the Copyrighted Work and that Defendant compensate Harris for the damage done.

37. Defendant's representative explained that they had received the notice.

38. Upon information and belief, Defendant was willfully blind to the ownership of the Copyrighted Work and failed to do any reasonable investigation.

39. As a sophisticated corporation, Defendant would have known to exercise reasonable caution when using a photograph like the Copyrighted Work.

40. As a sophisticated corporation, Defendant should have trained its employees and students to ensure that those individuals exercised reasonable caution when using a photograph like the Copyrighted Work.

41. Upon information and belief, Defendant failed to exercise the reasonable caution and employ measures to prevent the infringement of the Copyrighted Work.

42. Upon information and belief, Defendant failed to act as a reasonable institution when using the Copyrighted Work.

43. Upon information and belief, Defendant gained substantial prestige and donations based, in part, on the use of the Copyrighted Work.

44. Upon information and belief, Defendant leveraged the Copyrighted Work to obtain substantial revenues by enticing students to attend the university.

45. Upon information and belief, Defendant leveraged the Copyrighted Work to obtain substantial revenues by enticing monetary gifts from donors.

**Copyright Infringement**

46. Harris is the lawful owner of the Copyrighted Work.

47. Defendant has used the Copyrighted Work for its commercial benefit.

48. Upon information and belief, Defendant used the Copyrighted Work to obtain revenues through both donations and student tuition.

## **COUNT I (COPYRIGHT INFRINGEMENT)**

49. Each of the preceding paragraphs 1 through 48 is incorporated as if fully set forth.

50. Defendant did not, and does not, have any authorization, permission, license, or consent to exploit the Copyrighted Work.

51. Defendant has unlawfully reproduced and distributed the Copyrighted Work for which Harris is the legal or beneficial copyright owner. The Copyrighted Work are protected by valid registration duly issued by the U.S. Copyright Office. The foregoing activity constitutes direct infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq*.

52. Each infringement of the Copyrighted Work constitutes a separate and distinct act of infringement.

53. Furthermore, Defendant exercised willful blindness and recklessness when using the Copyrighted Work. *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017).

54. The foregoing acts of infringement by Defendant have been willful, intentional, purposeful, in total disregard of Harris's rights.

55. Defendant's actions described above, which are ongoing, have caused and will continue to cause irreparable damage to Harris, for which Harris has no remedy at law. Unless Defendant are restrained by this Court from continuing its infringement of Harris's copyright, these injuries will continue to occur in the future. Harris is accordingly entitled to injunctive relief restraining Defendant from further infringement.

56. Harris is entitled to disgorgement of Defendant's profits pursuant to 17 U.S.C. § 504(b) computed from Defendant's revenues earned from violation of Harris's Copyrighted Work.

57. Harris is also entitled to his lost profits associated with Defendant's actions pursuant to 17 U.S.C. § 504(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

1. A judgment that Defendant have infringed upon the Copyrighted Work.

2. An order permanently enjoining Defendant from further infringing conduct.

3. An order awarding damages to Harris, including for his lost profits and for the profits of Defendant based on the use of the Copyrighted Work, and

4. Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 17.

## JURY DEMAND

Plaintiff demands that all issues so triable be tried before a jury.

Date: March XX, 2025

                                                        */s/ David A Chavous*
                                                        David A. Chavous, BBO 660332
                                                        Chavous Intellectual Property Law LLC
                                                        P.O. 229
                                                        Boxford, MA 01885
                                                        (351)207-5972
                                                        dchavous@chavousiplaw.com
                                                        *Attorneys for Plaintiff*
                                                        *Sean Alonzo Harris*